UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8886 CAS (MANx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *TERRY K. TAYLOR, ET AL. v. KELLY MOORE PAINT, CO.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(In Chambers:) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    INTRODUCTION & BACKGROUND**

On October 26, 2011, plaintiff Terry Taylor, individually and as special administrator of the estate of Mary Beth Taylor, filed the instant action against Kelly Moore Paint Co. Plaintiff asserts claims for: (1) negligence; (2) strict product liability; (3) breach of warranty; (4) fraudulent conduct, malice and gross negligence; and (5) loss of consortium. The gravamen of plaintiff's complaint is that defendant is responsible for his wife's mesothelioma and eventual death due to asbestos exposure. See Compl. ¶¶ 13–15. Plaintiff asserts that this Court has subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

**II.    DISCUSSION**

In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000 and the controversy must be between citizens of different states. 28 U.S.C. § 1332(a). Complete diversity is required, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). For the purposes of diversity, a corporation is a citizen of the state in which it has its principle place of business, namely the place where "a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010). "A federal court has the power to bring a motion to dismiss for lack of subject matter jurisdiction of its own accord at anytime where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8886 CAS (MANx) | Date | March 12, 2012 |
|---|---|---|---|
| Title | *TERRY K. TAYLOR, ET AL. v. KELLY MOORE PAINT, CO.* | | |

jurisdiction is not available to the litigants." Cook v. City of Pomona, 884 F. Supp. 1457, 1461 (C.D. Cal. 1995); Fed. R. Civ. P. 12(h)(3).

Here, plaintiff does not assert his citizenship and therefore has failed to carry his burden of showing that complete diversity of citizenship is present. Accordingly, plaintiff is hereby ORDERED to SHOW CAUSE on or before April 2, 2012, why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SMOM | |